# COUNTY OF SUFFOLK



**STEVE LEVY**
SUFFOLK COUNTY EXECUTIVE

CHRISTINE MALAFI
COUNTY ATTORNEY

DEPARTMENT OF LAW

ADDRESS ALL COMMUNICATIONS
IN THIS MATTER TO:

April 3, 2009

Hon. Leonard D. Wexler, U.S.D.J.
Long Island Courthouse
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

Re: Tankleff v. The County of Suffolk, et al.
Docket No. CV09-1207 (LDW)(WDW)

Dear Hon. Judge Wexler:

The County writes to indicate to the Court that although the complaint in this matter has been formally filed, there has yet to be service on the five named defendants. In early March 2009, plaintiff contacted the undersigned to inquire if the County would consent to accept service on behalf of each defendant. The undersigned indicated that as a courtesy, the County would be willing to entertain the request but consent of the intended defendants was necessary. Just today the last of the five named defendants authorized the undersigned to accept service on his behalf. Therefore, as of this date forward, plaintiff can treat this complaint as having been duly served.

The County would also respectfully request that an extension of time be granted to the County for the purpose of conducting a further investigation into this matter which has generated volumes of material from literally dozens of prior proceedings. The purpose of this extension would be to allow the County the opportunity to explore the merits of a motion to dismiss the complaint in its entirety.

First, the complaint primarily asserts allegations with respect to plaintiff's confession that was introduced at the original criminal trial. The County would submit that these allegations are ripe for a *collateral estoppel* argument since the propriety of that statement has been litigated in a number of proceedings and has been appealed to the New York State Court of Appeals and the Second Circuit Court of Appeals. Even the 12/18/07 Second Department opinion (49 A.D.3d 160) that granted plaintiff a new trial,

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY   ✦

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY 11788-0099   ✦

(631) 853-4049
TELECOPIER (631) 853-5169

Hon. Leonard D. Wexler, U.S.D.J.            April 3, 2009
Re: <u>Tankleff v. County of Suffolk, et al.</u>          Page -2-

held that the "*Miranda* aspects of this case have been extensively litigated and will not be revisited".

Second, the complaint has made allegations that certain blood evidence from the murder scene were suppressed intentionally by Detectives and that this evidence constituted exculpatory evidence. The complaint cites the New York State Attorney General's Investigation conducted in 2008 as the source of this information (¶s 134 and 135 for example). Since the Attorney General declined to re-prosecute plaintiff, the charges were dismissed on July 22, 2008 and the files compiled during the Attorney General's Investigation were sealed automatically under the New York Criminal Procedure Law. Based on a preliminary investigation of the original criminal proceeding, the particular blood stain referenced in a Suffolk County Crime Laboratory Report and <u>was</u> provided to counsel immediately prior to his trial in 1990. Additionally, the preliminary investigation has indicated that the determination of whether the stain in question depicts a knife or not, is one of professional interpretation among experts in blood stain evidence from the County and State. If any of this information has merit, then the County would respectfully submit that the issue is a proper one for a motion to dismiss. In order to complete this investigation, it is necessary to review the Attorney General's files which are currently sealed.

Beginning in October of 2008, when the County received plaintiff's Notice of Claim, the undersigned inquired of counsel if they would consider providing an unsealing order with respect to the Attorney General's material (a written request with an unsigned unsealing order was mailed to plaintiff on October 29, 2008). This request was made again at plaintiff's 50-h hearing held on December 17, 2008. A third request was made in writing on March 18, 2009 when the undersigned was responding to the request to accept service on behalf of the defendants. Each of these requests were made for the express purpose of conducting this necessary investigation promptly in order to avoid having to make the request that the County must now do.

On Monday, March 30, 2009 a phone conversation occurred as a follow-up to plaintiff's correspondence indicating that they did not believe that the County was entitled to records in order to make a motion to dismiss. In that conversation, the undersigned was told that there would not be consent to providing the County with an unsealing order for the Attorney General's file.

Accordingly, the undersigned would respectfully request that an Order be issued directing plaintiff to provide the County with the requested unsealing order and that the County be

Hon. Leonard D. Wexler, U.S.D.J.            April 3, 2009
Re: <u>Tankleff v. County of Suffolk, et al.</u>       Page -3-

given 90 days from receipt of the State material to either answer the complaint or seek leave to file a motion to dismiss the entire complaint under FRCP 12(b) (6) and 12(c). Although plaintiff has stated that it is their position that FRCP 12(b) (6) does not authorize the submission of exhibits (a point contested on the *collateral estoppel* issue), the County recognizes that FRCP 12(c) explicitly does permit such submissions. Further, the undersigned respectfully submits that if there is in fact a good faith basis to submit a motion to dismiss, the County should be afforded that opportunity before incurring the expense of further fact discovery (supplementing perhaps over 10,000 pages of already existing material), and that a fair assessment of options that may be available to the County cannot be made without access to the Attorney General's files.

Thank you for your consideration of this request.

Respectfully submitted,

CHRISTINE MALAFI
SUFFOLK COUNTY ATTORNEY

*[signature]*

Richard T. Dunne/RD-6665
Assistant County Attorney

RTD/fb/mar
cc: Deborah L. Cornwall, Esq. (Cochran Neufeld & Scheck, LLP)
    Barry J. Pollack, Esq. (Kelley Drye & Warren, LLP)
    Bruce Barket, Esq. (Barket & Angeli, P.C.)