UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RD-6665

MARTIN TANKLEFF,

                  Plaintiff,

-against-

THE COUNTY OF SUFFOLK, K. JAMES MCCREADY, NORMAN REIN, CHARLES KOSCIUK, ROBERT DOYLE, JOHN MCELHONE, JOHN DOE POLICE OFFICERS #1-10, RICHARD ROE, Suffolk County Employees #1-10,

                  Defendants.

ANSWER TO COMPLAINT
JURY TRIAL DEMANDED

**CV09-1207 (TCP)(WDW)**

Defendants, County of Suffolk, K. James McCready, Norman Rein, Charles Kosciuk, Robert Doyle and John McElhone, by their attorney, Christine Malafi, Suffolk County Attorney, by Richard T. Dunne, Assistant County Attorney, answering the plaintiff's Complaint hereby allege as follows:

1. The County denies the statements contained in paragraphs numbered 1, 2, 3, 4, 5, 6, 10, 11, 12, 13, 14, 15 and 23 of the Complaint as they have been embellished, and notes that apparently these statements purport to be relevant to the alleged constitutional claims made elsewhere in this complaint, in an apparent effort to invoke the jurisdiction of the court and, as such, defendants make no specific response save to demand strict proof of

the relevance of these paragraphs and, deny any conduct giving rise to any cause of action.

2. Deny the allegations contained in paragraphs numbered 7, 8, 9, 16, 17, 22, 53, 54, 59, 60, 62, 63, 64, 65, 66, 69, 70, 72, 74, 75, 77, 78, 79, 80, 81, 82, 87, 88, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 104, 115, 116, 117, 119, 120, 123, 135, 138, 139, 140, 141, 142, 143, 144, 145, 147, 148, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 188, 189, 191, 192, 193 and 194 of the Complaint.

3. The allegations contained in the paragraphs numbered 18, 24, 25, 26 and 29 of the Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, the defendants make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 30, 36, 37, 39, 43, 45, 46, 89, 112, 114 and 190 of the Complaint.

5. Answering the paragraph numbered 146 of the Complaint, defendants repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

6. Deny the allegations contained in the paragraph numbered 19 of the Complaint as worded, except admit that plaintiff's conviction was set aside based on newly discovered evidence.

7. Deny the allegations contained in the paragraph numbered 20 of the Complaint as worded, except admit that plaintiff was released after the Second Department Decision of December 18, 2007.

8. Deny the allegations contained in the paragraph numbered 21 of the Complaint as worded, except admit that a special prosecutor was called for by the Suffolk County District Attorney's office and that the Attorney General conducted their own investigation and moved to dismiss the outstanding indictments on July 22, 2008.

9. Deny the allegations contained in the paragraph numbered 38 of the Complaint as worded, except admit that Suffolk County is a municipal corporation that contains the Suffolk County Police Department as a municipal entity and that Richard Dormer is the current Police Commissioner.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 40 of the Complaint as worded, except admit that plaintiff was in the house.

11. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 41 of the Complaint as worded, except admit that Seymour Tankleff was severely injured.

12. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 42 of the Complaint as

3

worded, except admit that 911 was called and that Arlene Tankleff had been murdered.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 44 of the Complaint as worded, except admit that plaintiff claimed Jerry Steuerman was responsible for the murder of his parents.

14. Deny the allegations contained in the paragraph numbered 47 of the Complaint as worded, except admit that Detective McCready responded to the scene and was, at the time, assigned to the Homicide Squad.

15. Deny the allegations contained in the paragraph numbered 48 of the Complaint as worded, except admit that Detective McCready conducted an inspection of the crime scene.

16. Deny the allegations contained in the paragraph numbered 49 of the Complaint as worded, except admit that Detective McCready interviewed plaintiff and noted what plaintiff was stating, including a claim that Jerry Steuerman committed the murders.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 50 of the Complaint as worded, except admit that Detective Sergeant Doyle and Detective Rein responded to the scene and also had contact with the plaintiff.

18. Deny the allegations contained in the paragraph numbered 51 of the Complaint as worded, except admit that the homicide detectives considered plaintiff a suspect.

19. Deny the allegations contained in the paragraph numbered 52 of the Complaint as worded, except admit that plaintiff was taken to police headquarters for further questioning and the family was advised of this.

20. Deny the allegations contained in the paragraph numbered 55 of the Complaint as worded, except admit that plaintiff was told he would be taken to the hospital after they had a further discussion about the incident.

21. Deny the allegations contained in the paragraph numbered 56 of the Complaint as worded, except admit that Detective McCready had a conversation with Detective Pfalzgraf while on the way to headquarters and the family was advised of this.

22. Deny the allegations contained in the paragraph numbered 57 of the Complaint as worded, except admit that their conversation at headquarters began with small talk.

23. Deny the allegations contained in the paragraph numbered 58 of the Complaint as worded, except admit that Miranda warnings were not administered at this time, but were later administered.

24. Deny the allegations contained in the paragraph numbered 61 of the Complaint as worded, except admit that plaintiff demonstrated the first aid he claimed he administered to his father.

25. Deny the allegations contained in the paragraph numbered 67 of the Complaint as worded, except admit that plaintiff was told his father had been revived and implicated him.

5

26. Deny the allegations contained in the paragraph numbered 68 of the Complaint as worded, except admit that plaintiff was told his father had implicated him.

27. Deny the allegations contained in the paragraph numbered 71 of the Complaint as worded, except admit that Miranda warnings were administered.

28. Deny the allegations contained in the paragraph numbered 73 of the Complaint as worded, except admit that a videotape was never taken because detectives were put on notice to cease questioning plaintiff prior to the written statement being completed, and prior to beginning the video tape process.

29. Deny the allegations contained in the paragraph numbered 76 of the Complaint as worded, except admit plaintiff stated he committed the murders while naked.

30. Deny the allegations contained in the paragraph numbered 83 of the Complaint as worded, except admit that once the detectives were put on notice by plaintiff's counsel, all questioning stopped as requested.

31. Deny the allegations contained in the paragraph numbered 84 of the Complaint as worded, except admit that the written statement was not completed because the detectives were put on notice by plaintiff's counsel.

32. Deny the allegations contained in the paragraph numbered 85 of the Complaint as worded, except admit exemplars were taken of plaintiff.

33. Deny the allegations contained in the paragraph numbered 90 of the Complaint as worded, except admit that plaintiff had blood spots on his person.

34. Deny the allegations contained in the paragraph numbered 100 of the Complaint as worded, except admit that Steuerman feigned his death and went to Los Angeles, California.

35. Deny the allegations contained in the paragraph numbered 101 of the Complaint as worded, except admit that members of the Homicide Squad and Homicide Bureau met Steuerman.

36. Deny the allegations contained in the paragraph numbered 103 of the Complaint as worded, except admit that Steuerman returned to New York.

37. Deny the allegations contained in the paragraph numbered 105 of the Complaint as worded, except admit Steuerman was not indicted for the murders of Seymour and Arlene Tankleff.

38. Deny the allegations contained in the paragraph numbered 111 of the Complaint as worded, except admit that plaintiff attended his parents' funeral in custody.

39. Deny the allegations contained in the paragraph numbered 118 of the Complaint as worded, except admit that evidence obtained by detectives was presented to a Grand Jury.

40. Deny the allegations contained in the paragraph numbered 122 of the Complaint as worded, except admit that the Second Circuit found the pre-inculpatory statements of plaintiff were taken in violation of federal Miranda

7

standards but that this was harmless error since those statements were repeated by plaintiff after he was read the warnings.

41. Deny the allegations contained in the paragraph numbered 124 of the Complaint as worded, except admit that the District Attorney's office consented to another CPL §440.00 hearing in 2003.

42. Deny the allegations contained in the paragraph numbered 125 of the Complaint as worded, except admit that another theory of the murders was presented.

43. Deny the allegations contained in the paragraph numbered 126 of the Complaint as worded, except admit that another theory of the murders was presented.

44. Deny the allegations contained in the paragraph numbered 127 of the Complaint as worded, except admit that another theory of the murders was presented.

45. Deny the allegations contained in the paragraph numbered 128 of the Complaint as worded, except admit that another theory of the murders was presented.

46. Deny the allegations contained in the paragraph numbered 129 of the Complaint as worded, except admit that another theory of the murders was presented.

47. Deny the allegations contained in the paragraph numbered 130 of the Complaint as worded, except admit that another theory of the murders was presented.

48.  Deny the allegations contained in paragraph numbered 149 except admitted that plaintiff's conviction was vacated and the indictments against him were dismissed.

49.  Deny the allegations contained in paragraph numbered 187 except admitted that plaintiff's conviction was vacated and the indictments against him were dismissed.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50.  That the Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51.  That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52.  That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53.  That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54.  That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. That municipal defendants are not liable for punitive damage awards.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

56. That this Court lacks subject matter jurisdiction.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

57. That plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58. That plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and the supremacy clause of the United States Constitution.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

59. That plaintiff's claims, if any, are barred in whole or in part by the Statute of Limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

60. That defendant's actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

61. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

62. That the substance of any communications, if any, made by the defendants and/or their agents are and were true.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

63. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

64. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

65. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

66. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

67. That defendants took plaintiff into custody pursuant to a civilian arrest after identification, in accordance with statutory mandate.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

68. That the substance of any communications, if any, made by defendants and/or their agents are and were absolutely privileged.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

69. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
July 20, 2009

Yours, etc.

CHRISTINE MALAFI
SUFFOLK COUNTY ATTORNEY
Attorney for Defendants,
THE COUNTY OF SUFFOLK, K. JAMES MCCREADY, NORMAN REIN, CHARLES KOSCIUK, ROBERT DOYLE and JOHN MCELHONE
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788

By: _____
Richard T. Dunne   RD/6665
Assistant County Attorney

To Attorneys for Plaintiff:

Barry C. Scheck (BS4612)
Deborah L. Cornwall (DC(2186)
Emma K. Freudenberger (EF8803)
Cochran, Neufeld & Scheck, LLP
90 Hudson Street, Eighth Floor
New York, NY 10013

Bruce Barket (BB9906)
Barket & Angeli
666 Old Country Road, Suite 600
Garden City, NY 11530

Barry J. Pollack
Miller & Chevalier, Chartered
655 Fifteenth Street, NW, Suite 900
Washington, DC 20005