NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street
New York, New York 10013
—
Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall
—
Anna Benvenutti Hoffmann
Sarah Crowley
Emma Freudenberger

Johnnie L. Cochran, Jr.
(1937-2005)

April 1, 2010

**VIA ECF**
Hon. William D. Wall
U.S.M.J., E.D.N.Y.
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

      Re:    <u>**Tankleff v. County of Suffolk, et al.**</u>, No. 09 Civ. 1207 (JS)(WDW)

Dear Judge Wall:

      I write on behalf of plaintiff Martin Tankleff seeking clarification of the Court's ruling on March 24, 2010 with regard to the production of prior similar act discovery. At the September 18, 2009 conference, Suffolk County proposed to bifurcate discovery between discovery on individual claims and discovery relating to the *Monell* claim, and requested that the latter be stayed until after its planned Rule 12(c) motion was filed and decided. Plaintiff contended that there should be no bifurcation of discovery, and that in any event the files the County characterized as *Monell* evidence also related to the claims against individual defendants both as Rule 404(b) material and bearing on their qualified immunity defenses. At that time, the Court denied the County's application and ruled that all requested discovery including materials the County characterized as *Monell* discovery was to be produced. *see* D.E. 26 ("The County shall make all documentary evidence in its possession available for inspection and copying beginning September 30, 2009, including what the County describes as 'Monell' evidence.")

      At the March 24, 2010 status conference we noted that the County had not yet produced any prior similar act discovery pursuant to the September 18, 2009 order. The County again indicated that it wished not to produce this material until after it files, and the Court resolves, its Rule 12(c) motion. We believe that the Court indicated orally that the County need not produce

1

this discovery until after the Court rules on the County's as yet unfiled Rule 12(c) motion. Yet, the Court's minute order following the March 24, 2010 status conference makes no reference to the issue. A ruling that the County need not produce *Monell* or 404(b) discovery until after resolution of a Rule 12(c) motion would plainly be inconsistent with the Court's earlier order of September 18, 2009. We attempted to obtain the transcript of the recent conference, but were informed that the proceedings were not recorded. As such, we write in hopes that the Court would clarify whether or not it intended to reverse that portion of its September 18, 2009 order that required the County to produce materials it characterized as *Monell* evidence.

      Happy holidays.

                                      Sincerely,

                                      /s/ Deborah L. Cornwall
                                      Deborah L. Cornwall

cc:    Richard Dunne, Esq.
        Susan Flynn, Esq.
        Barry Pollack, Esq.
        Bruce Barket, Esq.